IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES GERALD ARAGON,

    Plaintiff,

v.                                                     Civ. No. 18-1018 GBW/SMV

LOCO CREDIT UNION,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6). *Doc. 4*. Having reviewed the subsequent briefing (*doc. 12*) and being fully advised, the Court will grant the Motion to Dismiss.

**I.**     **PROCEDURAL POSTURE**

This case stems from allegations surrounding Plaintiff's entry into a secure auto loan contract with Defendant on April 27, 2017. *Doc. 1-1* at 7. On September 19, 2018, Plaintiff, proceeding *pro se*, initiated suit in the Twelfth Judicial District Court of New Mexico, asserting a claim under the Truth in Lending Act ("TILA") and a claim for common-law fraud. *Id.* On November 2, 2018, Defendant removed the action to this Court pursuant to its federal question jurisdiction under 28 U.S.C. § 1331. *Doc. 1*. On November 9, 2018, Defendant filed its Motion to Dismiss Plaintiffs' action for failure to state a claim. *Doc. 4*. On December 27, 2018, Plaintiff filed an untimely Response. *Doc. 12*. The Motion is now before the Court.

**II.     MOTION TO DISMISS**

Defendant asserts that Plaintiff's Complaint should be dismissed because Plaintiff's claims are based on a common sovereign citizen theory, the "vapor money" theory, which has been repeatedly and flatly rejected by courts that have addressed the issue.  *Doc. 4* at 2-4.  In addition, Defendant contends that Plaintiff's Complaint fails to state a claim because Plaintiff's TILA claim is time-barred by the one-year statute of limitations, and Plaintiff failed to plead his common-law fraud claim with the particularity required under Fed. R. Civ. P. 9(b).  *Doc. 4* at 5-10.  Finally, Defendant requests that the Court award sanctions in the form of attorney's fees against Plaintiff for asserting a frivolous theory and abusing the judicial process.  *Doc. 4* at 10-11.  Plaintiff responds by stating legal conclusions and regurgitating legal doctrine, but his Response wholly lacks factual support.  *See doc. 12*.

**A. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, the court must accept as true all of Plaintiff's well-pleaded factual allegations and must view them in the light most favorable to the nonmoving party.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a probability requirement, but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Further, the court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Following these principles, the Court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78). While the Court must liberally construe the pleadings of *pro se* plaintiffs, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court may not act as the advocate of a *pro se* individual, and the plaintiff must nevertheless comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

B. <u>Analysis</u>

   1. *Plaintiff fails to state a plausible TILA claim.*

First, Defendant asserts that Plaintiff's TILA claim fails because it is time-barred by the one-year statute of limitations, and because Plaintiff fails to allege any facts to support it. *Doc. 4* at 5-6. The Court finds that Plaintiff's TILA claim is time-barred and therefore does not address Defendant's other concerns.

Any TILA cause of action "may be brought…within one year from the date of the occurrence of the violation[.]" 15 U.S.C.A. § 1640(e). "It is well settled that the 'occurrence of the violation' means the date the plaintiff enters the loan agreement, or in the alternative, when the defendant performs by transmitting the loan funds to the plaintiffs." *Boursiquot v. Citibank F.S.B.*, 323 F. Supp. 2d 350, 354 (D. Conn. 2004) (citation omitted). *See also Khader v. PNC Bank, N.A.*, 577 F. App'x 470, 479 (6th Cir. 2014) (citations omitted) ("The 'occurrence of the violation' was…the day [the plaintiff] entered into the Loan agreement."); *Betancourt v. Cntrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (quoting *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641, 646 (8th Cir 1980)) ("A violation occurs, and the one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made."); *Khalsa v. Bank of America Nat'l Ass'n*, 2017 WL 3602045, at *6 (D.N.M. Jan. 18, 2017) (unpublished) ("most courts have considered the loan consummation date as the 'date of occurrence'"). Here, Plaintiff alleges in his Complaint

that he executed the relevant auto loan on April 27, 2017. *Doc. 1-1* at 7. As a result, Plaintiff's TILA claim expired on April 28, 2018. However, Plaintiff did not file his Complaint until September 19, 2018, almost five months too late. Accordingly, the Court finds that Plaintiff's TILA claim is time barred, and this claim will be dismissed with prejudice.

### 2. *Plaintiff fails to state a claim for common-law fraud.*

Second, Defendant postulates that Plaintiff's claim for fraud is deficient because Plaintiff failed to plead the claim with particularity, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b). The Court agrees. "To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp. 2d 1039, 1047 (D.N.M. 2005) (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997)). In other words, "speculative and conclusory allegations of fraud will not suffice." *Rio Real Estate Inv. Opportunities, LLC v. Tesla Motors, Inc.*, 2013 WL 12136382, at *6 (D.N.M. Feb. 28, 2013) (unpublished).

To prove fraud, Plaintiff must show by show by clear and convincing evidence that (1) Defendant made a representation of fact that was false, (2) Defendant made the statement recklessly or with knowledge that it was false, (3) Defendant made the

representation with the intent to deceive Plaintiff, and (4) Plaintiff relied on the representation. *Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 124 N.M. 549, 562 (1998). In his Complaint, however, Plaintiff merely states, "[Defendant] claims they lend [sic] me the man Charles G. Aragon a loan they did not!!" *Doc. 1-1 at 7.* In this allegation, Plaintiff fails to assert what the misrepresentation was, how it was made, who made it, or how he was injured by the misrepresentation. In other words, Plaintiff has failed to plead any factual allegations to support his belief that Defendant committed fraud, but instead makes a single conclusory and vague statement.

Accordingly, the Court finds that Plaintiff failed to plead the elements of fraud with particularity and will dismiss Plaintiff's claim for fraud without prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (the plaintiff's failure to meet specific pleading requirements for fraud should not automatically result in dismissal with prejudice without granting leave to amend, unless the defect is uncurable or plaintiff failed to plead with particularity after repeated opportunities); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3rd Cir. 1997) ("Ordinarily where a complaint is dismissed on Rule 9(b) 'failure to plead with particularity' grounds alone, leave to amend is granted."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (2003) ("dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice").

### *3. The Court denies Defendant's request for sanctions.*

Finally, the Court must determine whether attorney fees should be awarded. Defendant urges that "[a] district court has the inherent power to assess attorney's fees against a party who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons" [and] if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party." *Doc. 4* at 10 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975); *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)).

Here, the Court refrains from granting sanctions. The extremely brief Complaint filed by Plaintiff, comprising mere sentences, provides the Court with few details to make any sort of sanctions-related determination. *See doc. 1-1*. Most importantly, the plaintiff is proceeding *pro se* and there is no indication that he has a history of frivolous litigation against this defendant or in general. Should he again pursue similar claims without adequate support, the case for sanctions will be very strong.[1] However, at this time, the Court will deny Plaintiff's request for sanctions.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and hereby GRANTS Defendant's Motion to

---

[1] Plaintiff is specifically warned that, if his fraud claims are indeed based upon the "vapor money" theory described in Defendant's Response, refiling such claims (with or without additional specificity) will likely result in sanctions. *See Rodriguez v. Countrywide Home Loans, Inc.*, 2008 WL 8980452, at *3 (S.D. Fla. Dec. 28,

Dismiss (*doc. 4*). Plaintiff's claim under TILA is DISMISSED WITH PREJUDICE and Plaintiff's claim for fraud is DISMISSED WITHOUT PREJUDICE.

In addition, the Court hereby DENIES Defendant's request for sanctions against Plaintiff.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

2008); *Frances Kenny Family Trust v. World Sav. Bank FSB*, 2005 WL 106792, at *5–6 (N.D. Cal. Jan. 19, 2005); *Thiel v. First Fed. Savings & Loan Ass'n of Marion*, 646 F. Supp. 592, 596-97 (N.D. Ind. 1986).